IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OLLIN RAY TRAMMELL, )<br>)<br>Defendant. ) | Case No. 99-CR-084-TCK<br>(02-CV-457-TCK) |

## OPINION AND ORDER

Before the Court is Defendant Ollin Ray Trammell's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 49). The Government filed a response (Dkt. # 52) and Defendant filed a reply (Dkt. # 54), supported by an appendix (Dkt. # 55). Defendant also filed a "motion for summary judgment" (Dkt. # 53) and a motion for sanctions (Dkt. # 57). He has also filed two (2) requests for judicial notice (Dkt. #s 59 and 61), a motion for return of seized property (Dkt. # 62), and a motion to amend § 2255 motion (Dkt. # 64). The Government filed responses to the motion for summary judgment (Dkt. # 56) and the motion for return of seized property (Dkt. # 63). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied. In addition, Defendant's motions for summary judgment, for sanctions, and to amend § 2255 motion shall be denied. The motion for return of seized property shall be addressed in a separate order.

As a preliminary matter, to the extent Defendant seeks to apprise the Court of legal authorities relevant to his claims in his requests for judicial notice, the Court finds his requests shall be granted and the additional authorities, if applicable, shall be considered in resolving the claims raised by Defendant.

The Court also finds that Defendant's request for "summary judgment" shall be denied. On July 12, 2002, Defendant filed his motion for "summary judgment" (Dkt. # 53), citing the Government's failure to respond to the § 2255 motion by the deadline established by the Court. The record reflects that by Order entered June 13, 2002 (Dkt. # 51), the Court set a deadline of July 3, 2002, for the filing of the Government's response. The Government's response was filed on July 12, 2002, or nine (9) days beyond the deadline. The Government also filed a response (Dkt. # 56) to Defendant's motion for summary judgment, requesting that the motion be denied. Defendant in effect seeks entry of default judgment as a sanction for the Government's untimely response. Default judgments are not favored in the law and may be set aside for good cause. In this case, the Court finds no evidence suggesting that the Government intentionally delayed these proceedings and Defendant has failed to establish that he was prejudiced by the relatively short delay. As a result, the Court finds Defendant is not entitled to default judgment and his motion for "summary judgment" shall be denied. For the same reasons, the Court further finds that Defendant's "motion to sanction for non-compliance" (Dkt. # 57) shall be denied.

*BACKGROUND*

On November 12, 1999, Defendant was found guilty by a jury of Conspiracy to Manufacture Methamphetamine (Count 1), Maintaining a Location for the Purpose of Manufacturing and Distributing a Controlled Substance (Count 3), and Possession of Equipment, Chemicals, and Products Which May be Used to Manufacture a Controlled Substance (Count 4). Defendant was sentenced on February 17, 2000. Defendant made no objection to the Presentence Report ("PSR") and the Court accepted the PSR's findings of fact. The Court sentenced Defendant to 235 months

imprisonment on each of Counts 1 and 3, and to 120 months on Count 4, with all sentences to be served concurrently.[1] In addition, Defendant was sentenced to a term of supervised release of five (5) years for Count 1, and three (3) years as to each of Counts 3 and 4, to be served concurrently. He was also fined $5,000. Judgment (Dkt. # 26) was entered February 29, 2000.

Defendant appealed to the Tenth Circuit Court of Appeals. He raised one issue: that the District Court erred, in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), in determining drug quantity for purposes of computing Defendant's sentence under the Sentencing Guidelines, instead of submitting the question of drug quantity to the jury. On March 13, 2001, the Tenth Circuit, citing its decision in United States v. Heckard, 238 F.3d 1222, 1235-36 (10th Cir. 2001), rejected Defendant's claim and affirmed this Court's judgment. See Dkt. #s 48 and 52, attachment.

On June 10, 2002, Defendant filed the instant § 2255 motion (Dkt. # 49). He raises five (5) claims as follows: (1) Trammell's grand jury indictment was insufficient, (2) Trammell's grand jury indictment was constructively amended, (3) 21 U.S.C. § 841, 18 U.S.C. § 3553, and 28 U.S.C. § 994, are unconstitutional either facially, or as applied in Trammell's case, (4) Trammell was denied due process of law, and (5) Trammell was deprived of effective assistance of counsel. See Dkt. # 49.

---

[1] Defendant's sentence was less than the 240 month statutory maximum for the crimes for which he was convicted.

## *ANALYSIS*

**A. Evidentiary hearing**

The Court finds that an evidentiary hearing is not necessary as the issues can be resolved on the basis of the record. See Townsend v. Sain, 372 U.S. 293, 318 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

**B. Defendant's claims of ineffective assistance of counsel lack merit**

As his fifth proposition of error, Defendant asserts that he was denied the effective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995).

4

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

In his motion, Defendant identifies five (5) specific instances of ineffective assistance of counsel, as follows:

    A.    Counsel was not aware of the relevant facts surrounding the case, to wit: type and quantity of substance being manufactured.

    B.    Counsel was not aware of the relevant law surrounding the case, to wit: elements of 841, and unconstitutionality of construction, or interpretation, or application.

    C.    Counsel did not object to the sufficiency of the indictment.

    D.    Counsel did not object to the type nor quantity being used at trial, nor at sentencing.

    E.    Counsel could not provide effective assistance, without knowledge of the above, as counsel could not properly advise Trammell how to proceed, i.e. plead guilty, or not guilty, or prepare an effective defense strategy.

(Dkt. # 49).

Defendant fails to provide any statement of fact or citation to the record in support of his claims. However, in his reply (Dkt. # 54) to the Government's response, Defendant explains his claims, relying on the Supreme Court's Apprendi opinion as the basis for his contention that to be charged with a drug crime under 21 U.S.C. § 841, the indictment must specify drug type and quantity since those factors are "essential elements" of an § 841 offense. Defendant further contends that since his indictment failed to specify drug type and quantity, he "proceeded to trial without knowing the true nature and cause of the charges, and was only made aware of such after the jury

5

deliberated on the generic charges." Dkt. # 54 at 11. He also asserts that he "could not prepare a defense, in light of the indictment's failure to charge the facts and limit the Government to supporting those facts. The Government, unrestricted by a valid indictment, made up the charges as the trial progressed, and gained a conviction on charges never presented to him by the grand jury, by eliminating the facts from the indictment and the petit jury's consideration." Id.

The Court finds Defendant's claims of ineffective assistance of counsel, all premised on application of Apprendi, lack merit. As determined by the Tenth Circuit Court of Appeals in resolving Defendant's claim on direct appeal, there was no Apprendi violation in this case. See Dkt. #s 48 and 52, attachment. According to the Circuit Court:

> [Defendant] does not, and could not under existing Tenth Circuit precedent, contend that the underlying convictions are invalid or that he was sentenced to a term in excess of the statutory maximum as to any of his convictions. See United States v. Thompson, 237 F.3d 1258, 1262 (10th Cir. 2001) ("[W]here a defendant is charged under 21 U.S.C. § 841(a), found guilty beyond a reasonable doubt, and sentenced within the minimum statutory range of 0-20 years, there is no *Apprendi* violation for failure to charge and prove the amount of drugs involved."); United States v. Jones, 235 F.3d 1231, 1236 (10th Cir. 2000) (same).

See Dkt. # 48 at 3. The statutes Defendant was charged with violating, 21 U.S.C. § 841(a) and 21 U.S.C. § 846, do not require as an element of the offense a specific quantity of drugs. See United States v. Thompson, 237 F.3d 1258, 1262 (10th Cir. 2001). Pursuant to 21 U.S.C. § 841(b)(1)(C), Defendant was subject to a sentence of zero to twenty years for a violation of these statutes regardless of the amount of methamphetamine, a Schedule II drug, involved. United States v. Jones, 235 F.3d 1231, 1232 (10th Cir. 2000). Defendant's sentence of 235 months fell within the statutory range. Thus, because the indictment set forth all the necessary elements of a crime as defined by 21 U.S.C. § 841(a) and 21 U.S.C. § 846, and because the minimum statutory range does not specify a drug amount, neither the indictment nor the conviction was defective. Where the sentence is fully

supported, as it is in this case, by allegations in the indictment which are subsequently proven beyond a reasonable doubt, there can be no violation of Apprendi. Therefore, counsel did not perform deficiently based on Defendant's allegations. Having failed to satisfy the deficient performance prong of Strickland, the Court finds Defendant has failed to demonstrate that he received ineffective assistance of counsel.

### C.  Claims 1, 2, 3, and 4 are procedurally barred

As his first four (4) grounds of error identified in his § 2255 motion, Defendant asserts that his grand jury indictment was insufficient in that it failed to allege an essential element, i.e., drug quantity as to Count 1, and identity of equipment, chemicals, and materials as to Count 4; the indictment was constructively amended to reflect drug quantities and specific equipment, chemicals, or materials; he was convicted under unconstitutional statutes; and he was denied due process of law by being imprisoned for an offense not charged in the grand jury indictment. The government responds that although these claims rely on the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000), these specific claims was not raised by Defendant in his direct appeal and he is procedurally barred from raising them in this § 2255 action. The Court agrees with the Government.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th.Cir. 1994). Defendant failed to raise claims 1, 2, 3, and 4 on direct appeal. As a result, the claims are procedurally barred unless Defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). The procedural default rules

developed in the context of habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n. 15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence or a change in the law. Id. Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default. Cook, 45 F.3d at 392. As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In this case, Defendant argues that any procedural default of the claims was due to ineffective assistance of counsel. See Dkt. # 54 at 3. An ineffective assistance of counsel claim can serve as "cause" to excuse procedural default of other underlying or "stand alone" claims, but only if the defendant can meet the "cause and prejudice" standard required for establishing ineffective assistance of counsel. See Edwards v. Carpenter, 529 U.S. 446 (2000); United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995) (stating that counsel is not constitutionally ineffective for failing to raise issues devoid of merit).

The Court finds that Defendant has failed to satisfy the Strickland standard for ineffective assistance of counsel and, as a result, has failed to demonstrate "cause" sufficient to overcome the procedural bar. Appellate counsel did not provide ineffective assistance in failing to raise these claims on direct appeal as each claim lacks merit. As discussed above, the focus of Defendant's

claims is that he was indicted, convicted, and sentenced in violation of the Supreme Court's decision entered in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, including Blakely v. Washington, 542 U.S. 296 (2004),and United States v. Booker, 543 U.S. 220 (2005).  As to Defendant's contention that his conviction was entered in violation of the rule of Apprendi, the Court finds Defendant is precluded from raising the challenge since the Tenth Circuit rejected his claim on direct appeal.  Thus, Defendant's claims that his indictment was insufficient because it failed to allege a drug quantity or to identify equipment, chemicals, or materials, that his indictment was constructively amended, that he was convicted under unconstitutional statutes, and that he was denied due process have no merit because there was no violation of Apprendi in this case.  The Court further finds that consideration of any claim based on Blakely or Booker is foreclosed since neither case applies retroactively to criminal cases that became final before the decisions issued.[2] See United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued); United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005").  Counsel's failure to raise issues devoid of merit is not constitutionally ineffective.  United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). Therefore, ineffective assistance of counsel may not serve as "cause" to overcome the procedural bar.

---

[2]Defendant's conviction became final in this case on June 11, 2001, or 90 days after entry of the Tenth Circuit's opinion on March 13, 2001, when the time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed.  Thus, Defendant's conviction became final before issuance of either Blakely or Booker, and neither case applies retroactively to this case.

9

Defendant does not state that he is actually innocent[3] of the crimes for which he was convicted. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case. The Court concludes that Defendant's claims 1, 2, 3, and 4 shall be denied as procedurally barred.

**D. Motion to amend § 2255 motion shall be denied**

On May 20, 2005, Defendant filed a motion for leave to amend his § 2255 motion (Dkt. # 64). Defendant asserts that based on the Booker/Fanfan decision, he is "actually innocent" of his enhanced sentence. However, as discussed in Part C above, the Supreme Court's decision in Booker/Fanfan, 543 U.S. 220 (2005), has no applicability to this case since Defendant's conviction became final well in advance of the issuance of the opinion. See Bellamy, 411 F.3d at 1184 (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"). For that reason, the Court finds Defendant's motion for leave to amend his § 2255 motion shall be denied.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

---

[3] As discussed in Part D herein, Defendant does allege that he is "actually innocent" of his enhanced sentence based on the Supreme Court's decision entered in Booker. However, that allegation constitutes a claim of legal innocence rather than actual innocence and does not give rise to a fundamental miscarriage of justice sufficient to overcome a procedural bar. See Selsor v. Kaiser, 22 F.3d 1029, 1035 (10th Cir. 1994) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's requests for the Court to take judicial notice (Dkt. #s 59 and 61) are **granted** to the extent discussed herein.

2. Defendant's motions for summary judgment (Dkt. # 53) and for sanctions (Dkt. # 57) are **denied**.

3. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 49) is **denied**. A separate Judgment shall be entered as to the § 2255 motion.

4. Defendant's motion to amend § 2255 motion (Dkt. # 64) is **denied**.

SO ORDERED THIS 3rd day of May, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE